ANNA LEONARD, AS EXECUTRIX, ETC., OF CORNELIUS TEN BROECK, DECEASED, RESPONDENT. v. THE AMERICAN BAPTIST HOME MISSION SOCIETY AND OTHERS, APPELLANTS.

*Will — right of an executrix to sell under a general beneficial power*

A testator, after giving to his wife all his real estate, consisting of two farms, for her natural life, and a legacy of $500 to Jane L. Hayford, provided in his will as follows: "All the rest and residue of my estate, real and personal, I give and bequeath to my beloved wife Anna Ten Broeck for her use and benefit during her natural life.   It is my wish and intention that my wife Anna shall have the power and privilege to give to the poor, and for such charitable and benevolent purposes as she may see fit, such sums and at such time and times as may best suit her pleasure out of my personal property.   It is also my wish that if the use of the two above mentioned farms, and what shall be left.

out of the avails of my mortgages and personal property after paying the above named sum to Jane L. Hayford, shall not be sufficient for the use and benefit of my wife Anna, then, in such case, I wish and it is my will that so much of my real estate be sold as may be necessary to furnish my wife Anna with such further sums of money as she may stand in need of to supply her wants during her natural life."

He appointed his wife executrix and conferred upon her "the power, as executrix of this my last will and testament, to settle and carry out all the provisions of this my last will and testament that are or shall be necessary to be done or performed during her natural life." After the death of his wife he gave all that remained of the real and personal property to the defendants.

*Held,* that under the will the widow took a general beneficial power of sale, which was, as to purchasers from her, converted by the statute (2 R. S., 732, § 81) into a fee absolute.

That it was for the widow and not for the court to decide when a sale should be made.

That an action to procure a decision of the court as to the necessity of a sale could not be maintained by the widow.

Appeal from an interlocutory judgment, entered in Cattaraugus county upon a decision of the Cattaraugus Special Term. The action was brought to obtain a construction upon the will of Cornelius Ten Broeck. The will gave to his wife all the real estate of the testator, consisting of two farms, for her use and benefit during her natural life, a legacy of $500 to be paid out of his notes and mortgages to Jane L. Hayford, and also contained the further provisions set forth in full in the following opinion.

*J. H. Waring,* for the respondent.

*Smith & Briggs,* for the appellants.

Haight, J.:

This action was brought for the purpose of obtaining a judicial construction of the will of Cornelius Ten Broeck, deceased, and for a determination whether or not the contingency contemplated by the will on which a sale of real estate was authorized to be made, had not happened. The court at Special Term held and decided that the plaintiff was not entitled to maintain the action for the construction of the will alone, but that she was entitled to maintain the action for the purpose of determining whether or not the contingency upon which a sale of the land was authorized has not happened in accordance with the true intent and meaning thereof.

An interlocutory judgment was ordered and entered referring it to a referee to take the proofs that may be offered before him for the purpose of showing the amount which it may be necessary to raise to supply the plaintiff's wants during her natural life, and the portion of the testator's real estate which should be sold for that purpose, and to report the same to the court. The defendants appeal from this judgment.

It is contended in the first place that the complaint in the action does not authorize the judgment entered. The complaint sets out the will and all of the facts, it then asks for a judicial construction of the will upon various subjects, and in addition thereto it asks for a determination as to whether or not the contingency has not happened upon which a sale of the real estate was authorized according to the true intent, meaning and design of the will. It appears to us that this is broad enough to authorize the court to ascertain and determine whether or not the contingency has happened, and this question will be determined on the execution of the reference provided by the interlocutory judgment.

It remains to be determined whether or not the duty devolves upon the court to determine the contingency and the amount of real estate it is necessary to sell, if any. In order to determine this question a construction of the will or a part thereof becomes necessary; the will gives to one Jane L. Hayford $500 to be paid out of the notes and mortgages of the testator. It then provides that "all the rest and residue of my estate, real and personal, I give and bequeath to my beloved wife Anna Ten Broeck, for her use and benefit during her natural life. It is my wish and intention that my wife Anna shall have the power and privilege to give to the poor, and for such charitable and benevolent purposes as she may see fit, such sums and at such time and times as may best suit her pleasure, out of my personal property. It is also my wish that if the use of the two above mentioned farms and what shall be left out of the avails of my mortgages and personal property, after paying the above named sum to Jane L. Hayford, shall not be sufficient for the use and benefit of my wife Anna, then, in such case, I wish and it is my will that so much of my real estate be sold as may be necessary to furnish my wife Anna with such further sums of money as she may stand in need of to supply her wants during her

natural life." He then bequeaths all that shall remain of his real and personal property at the death of his wife to the defendants. He appoints his wife, the plaintiff, executrix, and confers on her " the power, as executrix of this, my last will and testament, to settle and carry out all the provisions of this, my last will and testament that are or shall be necessary to be done or performed during her natural life."

A power is an authority to do some act in relation to lands, or the creation of estates therein, or of charges thereon, which the owner granting or reserving such power might himself lawfully perform. It is general where it authorizes the alienation in fee by means of a conveyance, will or charge of the lands embraced in the power, to any alienee whatever. It is beneficial when no person other than the grantee has, by the terms of its creation, any interest in its execution. (Sections 74, 77, 79, art. 3, tit. 2, chap. 1, part 2 of the R. S.; 1 R. S., 732.)

The statute further provides that where an absolute power of disposition not accompanied by any trust shall be given to the owner of a particular estate for life or years, such estate shall be changed into a fee absolute in respect to the rights of creditors and purchasers, but subject to any future estate limited thereon in case the power should not be executed or the land should not be sold for the satisfaction of debts. (Section 81 of the same article.)

It will be observed that by the terms of the will, the plaintiff, as widow of the testator, was given a life estate in the real property and the use of the personal property during life with the privilege of giving to the poor and for such charitable and benevolent purposes as she may see fit, such sums as may suit her pleasure out of the personal property. That then, in case the property remaining shall not be sufficient for her use and benefit, a sale of so much of the real estate as may be necessary to furnish her with such further sums of money as she may stand in need of to supply her wants during life is authorized. He confers upon her as executrix the power to settle *and carry out all the provisions of the will that are or shall be necessary to be done or performed during her life.*

One of the provisions which may become necessary to carry out during her life is to sell the real estate or so much thereof as may be necessary to supply her wants. It thus appears to us that a

power of sale is given to her as executrix, and that this power is a general power within the provisions of the statute. The executrix, being also the widow of the testator, is the person for whose benefit the power is created, and it therefore becomes a general and beneficial power.

The power and estate herein created are within the provisions of section 81 of the statute above referred to, and consequently the estate is changed into a fee absolute in respect to the rights of creditors and purchasers; so that in case the plaintiff, as executrix, chooses to execute the power of sale given by the will, the purchaser gets a fee absolute, and the interests of the defendants therein cease. If, however, she does not see fit to sell under such power given, then the future estate given to the defendants remains. (*Jackson* v. *Edwards*, 7 Paige, 386; affirmed, 22 Wend., 498.)

The court at Special Term seemed to be of the opinion that under the will it was the duty of the court to ascertain and determine whether or not it was necessary that any portion of the real estate should be sold; if so, what portion. But it does not appear to us that this is the case, the will has authorized a sale and given a power of sale to the executrix, and it appears to us that it was the intention of the testator to leave it to the person to whom he had given the power of sale to determine the necessity for a sale and the amount thereof. To construe the will otherwise would be in conflict with the provisions of the statute to which we have already referred, providing that the estate should become a fee absolute in respect to the rights of purchasers. That this power of sale is given to the executrix by the terms of the will, we think there can be no doubt, as it is one of the things which may be necessary to be carried out by the provisions of the will. If, however, the power of sale is not by the express terms of the will given to the executrix, still a sale of the real estate is authorized on the happening of certain contingencies, and in that case the power will be regarded as conferred upon the executrix by implication. (2 Redf. on the Law of Wills, 124.)

It follows, therefore, that under the provisions of the will, she took a general beneficial power, and that the statute converts that power into a fee absolute as to purchasers. She may sell and dispose of so much of the real estate as she, in the exercise of her

judgment and discretion, deems necessary for her support and main-
tenance, and the purchaser under such sale gets a fee absolute. The
power being given to her to sell as executrix, the proceeds of the
sale would go into her hands as such.

The will devises and bequeaths all that shall remain of the real
and personal property at the death of the wife, to the defendants.
The sale, if made, deprives the defendants of further interest in the
real estate. The proceeds, however, become personal property, and
will thereafter be held by the executrix as trustee. She can use
therefrom so much as may be necessary for her maintenance, but
the remainder, on her death, would go to the defendants. No claim
is made that she has threatened or is about to commit wastes.

Our conclusion is that the interlocutory judgment is unnecessary
and unauthorized. That inasmuch as the will has been practically
construed in the determination of this appeal, no further trial is
necessary. The plaintiff did not appeal from that portion of the
judgment that was against her at Special Term, and we therefore
are of the opinion that we should reverse the interlocutory judg-
ment and order final judgment in the case, dismissing the plaintiff's
complaint, with costs of the action, and this appeal to be paid by
the executrix out of the estate of the testator.

BRADLEY and CHILDS, JJ., concurred.

So ordered.